# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORENZO JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-425-BAJ-SDJ** |
| **JOHN S. JESSEN, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 14, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORENZO JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-425-BAJ-SDJ** |
| **JOHN S. JESSEN, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 4) filed by Plaintiff, Lorenzo Johnson, on August 23, 2021. The removing defendant, Progressive Security Insurance Company, filed an Opposition (R. Doc. 5). In response to Progressive, Plaintiff filed a Reply (R. Doc. 8) and followed up with a Supplemental Reply (R. Doc. 15) on December 6, 2021. The remaining defendants, John Jessen, Advantage Transportation, Inc., Northland Insurance Company, and Gemini Insurance Company, did not respond to the Motion to Remand. For the reasons given below, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED** and that his cause of action be remanded back to the 18th Judicial District Court.

I.   **BACKGROUND**

On November 21, 2019, Plaintiff and Defendant John Jessen were involved in a car accident on Interstate 10 in West Baton Rouge Parish. (R. Doc. 1-1 at 7). According to Plaintiff, Jessen—who was driving a "semitrailer owned by his employer, Advantage Transportation, Inc." —caused the accident. (R. Doc. 1-1 at 7). To recover for the injuries he allegedly sustained, Plaintiff filed suit against the following defendants in state court: John S. Jessen (the other driver); Advantage Transportation, Inc. (Jessen's employer and the owner of the semitrailer); Northland

Insurance Company (Advantage's liability insurer, who provided $1 million in coverage); Gemini Insurance Company (Advantage's excess liability insurer, who provided $2 million in excess coverage); and Progressive Security Insurance Company (Plaintiff's uninsured/underinsured motorist carrier). (R. Doc. 1-1 at 6, 41).

On July 23, 2021, Progressive filed a Notice of Removal (R. Doc. 1), alleging this Court had subject matter jurisdiction based on complete diversity. *See* 28 U.S.C. § 1441(a) (removal of civil actions); 28 U.S.C. § 1332(a) (diversity of citizenship). The Notice of Removal includes the following citizenship allegations:

> Johnson (a Louisiana domiciliary) has sued five parties: (1) John S. Jessen (a Utah domiciliary); (2) Jessen's employer[,] Advantage Transportation, Inc., (a Utah corporation); (3) Advantages [sic] liability carrier, Northland Insurance Company (a Minnesota corporation); and (4) Gemini Insurance Company (a Connecticut corporation) by amended petition and (5) Johnson's uninsured motorist insurance provider, Progressive Security Insurance Company (a Louisiana corporation).

(R. Doc. 1 at 1-2).[1]

Progressive removed the action nearly 10 months into litigation. (R. Doc. 1-1 at 6) (case originally filed in September 2020). According to the Notice of Removal, Plaintiff gave deposition testimony on June 28, 2021, that revealed "there is no reasonable chance that Johnson can prevail against Progressive; as such . . . [its] joinder was improper." (R. Doc. 1 at 2). Because Plaintiff's deposition constitutes "other paper," Progressive argues, it timely removed the action within 30 days (R. Doc. 1 at 2). *See* 28 U.S.C. § 1446(b)(3) (removal "within 30 days after receipt . . . [of] other paper from which it may first be ascertained that the case . . . is or has become removable").

---

[1] Although not addressed by Plaintiff, Progressive's allegation of citizenship for each corporate Defendant is gravely insufficient. Courts have "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F. 2d 1254, 1259 (5th Cir. 1988). "In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil Corp.*, 841 F.2d at 1259. Progressive has failed to properly allege the state of incorporation and the principal place of business for any corporate Defendant.

While the Notice of Removal indicates the remaining defendants consent to removal, no other defendant joined in the Notice of Removal. (R. Doc. 1 at 11).

Following removal, Plaintiff filed the instant Motion to Remand (R. Doc. 4). Plaintiff suggests remand is warranted for 3 reasons. First, the non-removing defendants did not "file written consent" to removal "within thirty days as required by the 'rule of unanimity.'" (R. Doc. 4 at 8). Next, Plaintiff claims he has a valid claim against Progressive, a citizen of Louisiana. And therefore, complete diversity does not exist. (R. Doc. 4 at 3). Third, Plaintiff argues that removal was untimely. (R. Doc. 4 at 6).

## II.     LAW AND ANALYSIS

As explained below, the Court agrees that remand is warranted as the record does not contain unanimous consent to removal, and Progressive has not met its heavy burden of showing improper joinder. Because of this, the Court does not address Plaintiff's third argument regarding the timeliness of removal.

### A.     The Rule of Unanimity

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Baxter v. Anderson*, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016). According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).[2]

---

[2] Progressive seems to suggest that the "rule of unanimity" no longer requires each defendant to either join in the notice of removal or file written consent with the court, following the "Jurisdiction and Venue Clarification Act in 2011." (R. Doc. 5 at 4) ("The Act made changes to the law of removal and the procedure for removal."); *see also* Act of Dec. 7, 2011, Pub.L. No. 112–63; 125 Stat. 758. Progressive is incorrect. The 2011 amendment to § 1446(b) did

District courts in the Fifth Circuit "have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal." *McFarland v. Protective Ins. Co*., 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019); *Allement v. Ameristep Corp*., 2013 WL 12183655, at * 5 (M.D. La. Dec. 30, 2013) ("[D]istrict courts [] in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that the other parties consent in the removal and have therefore granted a motion to remand."); *Melton v. Toney*, 2017 WL 11543680, at *5 (M.D. La. Dec. 5, 2017) (granting remand where the non-removing defendants failed to timely file written consent into the record; the notice of removal simply stated that the non-removing defendants "had been served" and that "both consented to the removal," which was insufficient under *Getty Oil*); *Crowley v. Amica Mut. Ins. Co*., 2012 WL 3901629, at *3-4 (E.D. La. Sept. 7, 2012) (explaining that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient"); *Goldman v. Nationwide Mut. Ins. Co*., 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (granting motion to remand because statement in notice of removal that "all other named defendants . . . consent" did not constitute sufficient written consent from all defendants); *Waguespack v. Homesite Ins. Co*., 2022 WL 612071, at *2 (E.D. La. Feb. 28, 2022) (granting remand and explaining: "[U]nder Fifth Circuit precedent, Progressive's allegation in its notice of removal regarding Homesite's consent is insufficient.").[3]

---

not displace "the Fifth Circuit's requirement of written consent." *Crowley v. Amica Mut. Ins. Co*., 2012 WL 3901629, at *2 n.11 (E.D. La. Sept. 7, 2012) (Following the 2011 amendment to § 1446(b), "the Court finds no indication that the Fifth Circuit's requirement of written consent is inconsistent with or displaced by the statutory change."); *Grigsby v. Kansas City S. Ry. Co*., 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012) ("The 2011 amendments to the removal statutes do not change" the rule of unanimous written consent established in *Getty Oil*.).

[3] Plaintiff relies on *Sercovich v. State Farm Mutual Automobile Insurance Company*, 1999 WL 970346 (E.D. La. Oct. 21, 1999), and *White v. Chevron*, 1990 WL 28167 (E.D. La. March 14, 1990)—two cases "running against the grain." *McFarland v. Protective Ins. Co*., 2019 WL 351150, at *3 (E.D. La. Jan. 29, 2019) ("Plaintiff cites to a couple of

Here, the Notice of Removal filed by Progressive makes clear that it "had contacted a representative" of each Defendant and that "Defendants unanimously consent to removal." (R. Doc. 1 at 11). Progressive's allegation in its Notice of Removal is not sufficient under clearly-established Fifth Circuit jurisprudence. And because no other Defendant joined in Progressive's Notice of Removal and none of them "timely filed [a] written indication" of their consent,[4] *Getty Oil Corp.*, 841 F.2d at 1262 n.11, Progressive's Notice of Removal violates the rule of unanimity. Remand is therefore warranted on this issue alone.

**B.   Improper Joinder**

While the Court has already found remand is warranted, it will briefly address Progressive's claim that it is improperly joined. Progressive is Plaintiff's uninsured/under-insured motorist (UM) carrier and, according to the Notice of Removal, both are citizens of Louisiana. (R. Doc. 1 at 1-2). However, Progressive argues it is improperly joined because Plaintiff's damages will not exceed the $3 million available in liability coverage. According to Progressive, Plaintiff's deposition testimony establishes that he was fired from his job for attendance issues—some of which predated the accident—and he has no medical restrictions that would prevent him from working. (R. Doc. 1 at 6-8). For these reasons, Progressive asserts that Plaintiff cannot show "that he suffered lost wages" — "past[,] present and future" — as a result of the accident. (R. Doc. 1 at 6). And without lost wages, Plaintiff's damages cannot exceed $3 million. (R. Doc. 1 at 6).

---

cases running against the grain" — *Sercovich* and *White*, which found sufficient an indication in the notice of removal that non-removing defendants gave their consent—"but [these cases] cannot be squared with Fifth Circuit precedent."). As the Eastern District recently explained, neither case can "be squared with Fifth Circuit precedent." *Id.*

[4] "To be timely, consent must be given by all non-nominal defendants within the allowed 30-day period allowed by 28 U.S.C. § 1446." *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 n.1 (E.D. La. Jan. 29, 2019). Here, none of the remaining Defendants filed written consent within the applicable 30-day period or at any time after.

But Progressive bears a "heavy" burden in establishing improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To do so in this case, it would have to show that "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against [it]." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). For the reasons given below, that cannot be done.

First, Progressive has cherry-picked statements from Plaintiff's deposition and employment records that are favorable to its position that Plaintiff cannot make out a claim for lost wages. (R. Doc. 1-13 at 50) (no current restrictions); (R. Doc. 1-16 at 17) (terminated for 3 absences, 2 of which predate the accident). However, the record contains disputed evidence of Plaintiff's termination, medical restrictions, and ability to work. (R. Doc. 1-16 at 17) (separation notice doesn't clearly explain reasons for termination); (R. Doc. 1-13 at 44) (unable to perform job as pipe fitter after accident); (R. Doc. 1-13 at 47) (pain has prevented him from working); (R. Doc. 1-14 at 1) (unable to twist after surgery); (R. Doc. 1-14 at 7) (currently unsure of restrictions and is following up with doctor regarding work restrictions); (R. Doc. 15-1 at 8) ("[T]he injury Mr. Johnson sustained . . . will adversely impact his future vocational development and ability to earn wages."). Moreover, Plaintiff has provided the Court with a copy of his retained expert's report, which estimates $915,476.00 in wage losses resulting from this accident.[5] (R. Doc. 15-2 at 2). Indeed, Progressive even acknowledges that if Plaintiff could establish lost wages his decision to join Progressive as a defendant would "seemingly [be] proper." (R. Doc. 1 at 6).

---

[5] To be clear, the Court mentions this evidence only to show that Plaintiff's ability to establish lost wages is largely in dispute, precluding any finding of improper joinder. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (to show improper joinder, removing defendant must show "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant"). The Court makes no finding whatsoever as to the admissibility of any evidence or Plaintiff's ability to recover any amount of lost wages.

In considering evidence of improper joinder, the Fifth Circuit has cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004). Any attempt by a district court to proceed beyond this summary process, the Fifth Circuit has explained:

> [C]arries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.

*Smallwood*, 385 F.3d at 574. Critical here, the Court's need to sift through hundreds of pages containing contradictory evidence of Plaintiff's ability to work only highlights Progressive's "inability . . . to carry its burden." *Id.* ("Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."); *see also Cibulski v. Miller*, 2013 WL 950570, at *5 n.15 (E.D. La. March 11, 2013) ("Great West has not shown that it could carry its burden without . . . an impermissible resolution of disputed merits issues.").

Second, both the primary and excess liability policies contain numerous exclusions and limitations. (R. Doc. 1-2) (Northland's liability policy); (R. Doc. 1-19) (Gemini's excess liability policy). To the Court's knowledge, none of the Defendants have stipulated that either underlying policy would definitively provide coverage for Plaintiff's damages—i.e. that none of the exclusions or limitations would apply. Moreover, Gemini pleads its policy, including the policy's exclusions and limitations, as defenses in its Answer.[6] (R. Doc. 1-1 at 55, 56).

---

[6] Although Gemini's Answer makes references to, and even incorporates, the Answers and "Affirmative Defenses" of the other non-removing Defendants, the record does not contain copies of the Answers filed by Mr. Jessen, Advantage Transportation or Northland Insurance, in state court. (R. Doc. 1-1 at 57). The Court is therefore unaware of any defenses raised by these Defendants. Nonetheless, the record does contain the applicable policies, which include numerous limitations and exclusions. (R. Doc. 1-2 and 1-19).

Under the circumstances, Progressive has not established that the underlying policies indisputably provide coverage for Plaintiff's damages. Therefore, the Court is not persuaded that there is no possibility that Plaintiff could recover against his UM carrier, Progressive. *See James v. Brierfield Ins. Co.*, 2017 WL 6033676, at *4 (E.D. La. Dec. 6, 2017) ("The attached policies, which contain numerous exclusions and limitations, are insufficient to show that the Defendants' policies will cover all damages to Plaintiff, such that there is no possibility of recovery from Farm Bureau."); *Bingham v. Wilson*, 2008 WL 4286841, at *3 (E.D. La. Sept. 16, 2008) (Plaintiff has a reasonable basis for recovery against his UM insurer if coverage under defendant's liability insurance policy is not established).

Third, this Court has recognized Louisiana's "strong public policy in favor of UM coverage," the object of which "is to provide full recovery for automobile accident victims . . . ." *Porter v. Loney*, 2017 WL 9485598, at *5 (M.D. La. May 18, 2017); *see also Payton v. USAA Ins. Co.*, 2021 WL 1943270, at *1 (M.D. La. April 5, 2021) (recognizing plaintiff's valid claim against non-diverse UM carrier).

With that in mind, district courts have frequently rejected allegations of improper joinder in the context of UM carriers.[7] *See Porter*, 2017 WL 9485598, at *6 (UM carrier not improperly joined, despite $6 million in underlying coverage); *Vatter v. Walker*, 2017 WL 3498868, at *6 (M.D. La. July 10, 2017) (UM carrier was not a nominal defendant for purposes of removal, despite $50 million in liability coverage); *Cibulski v. Miller*, 2013 WL 950570, at *4 (E.D. La. March 11,

---

[7] The Court acknowledges that there are cases going the opposite way — i.e., finding improper joinder in the context of UM carriers. *See Hunter v. Sirmans*, 2008 WL 4717067 (W.D. La. Aug. 15, 2008) (UM carrier improperly joined where liability policy was for $1 million and plaintiff received only conservative treatment); *Montana v. Progressive Gulf Ins. Co.*, 2019 WL 290643 (E.D. La. Jan. 23, 2019) (finding that non-diverse UM carrier was improperly joined where the three plaintiffs' cumulative damages did "not appear to exceed" the $1,000,000 underlying liability limits). Nonetheless, for the reasons explained in this Report and Recommendation, the Court finds Progressive has not met its heavy burden of proving improper joinder.

2013) (no improper joinder of UM carrier where removing defendant had $15 million in coverage and plaintiff alleged she "sustained great and severe physical pain and mental anguish"); *Allen v. Occidental Fire & Cas. Co. of N. Carolina*, 2012 WL 1118764, at *3 (E.D. La. Apr. 3, 2012) (no improper joinder of UM insurer where removing defendant had $1 million in coverage, and plaintiffs alleged neck, back, and knee injuries); *Rivere v. Leonhardt*, 2010 WL 4553521, at *3 (E.D. La. Oct. 28, 2010) (no improper joinder of UM insurer where removing defendant had $1,000,000 in coverage, and did not provide "conclusive evidence" indicating that the plaintiff's damages would not exceed that amount); *Schannette v. United Specialty Ins Co.*, 2016 WL 8453635, at *5 (W.D. La. Dec. 6, 2016) (UM carrier properly joined given medical expenses of $21,000, lost wages of $560,000 and potential for $165,000 to $900,000 in compensatory damages, despite liability policy of $1 million); *McLain v. Herrington*, 2020 WL 1025527, at *10, *12 (W.D. La. Jan. 24, 2020) (although defendant's judicially admitted that the $7 million in liability coverage would apply, UM insurer was not improperly joined as "no undisputed facts were established regarding [] quantum of damages").

And so, the Court finds Progressive has failed to establish *undisputed* facts regarding the quantum of Plaintiff's damages or the availability of underlying coverage. In other words, Progressive has not met its heavy burden of establishing it was improperly joined to defeat subject matter jurisdiction and remand is warranted.

**III.    RECOMMENDATION**

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED** and that his cause of action be **REMANDED** to the 18th Judicial District Court.

Signed in Baton Rouge, Louisiana, on March 14, 2022.

*[Signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**